IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MARY C.,

              Plaintiff,

       v.                                  Civil Action No.
                                         6:20-CV-0586 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

_____

APPEARANCES:                     OF COUNSEL:

FOR PLAINTIFF

LAW OFFICES OF              STEVEN R. DOLSON, ESQ.
STEVEN R. DOLSON
126 North Salina Street, Suite 3B
Syracuse, NY 13202

FOR DEFENDANT

SOCIAL SECURITY ADMIN.      AMY BLAND, ESQ.
625 JFK Building
15 New Sudbury St
Boston, MA 02203

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

      Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the

Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard in connection with those motions on November 18, 2021, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1)    Defendant's motion for judgment on the pleadings is GRANTED.

---

[1]    This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated:      November 19, 2021
            Syracuse, NY

UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
MARY C.,

                           Plaintiff,

vs.                        6:20-CV-586

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.
-------------------------------------------x

      Transcript of a **Decision** held during a

Telephone Conference on November 18, 2021, the

HONORABLE DAVID E. PEEBLES, United States

Magistrate Judge, Presiding.

                A P P E A R A N C E S

                (By Telephone)

For Plaintiff:      DOLSON LAW OFFICE
                   Attorneys at Law
                   126 North Salina Street, Suite 3B
                   Syracuse, New York  13202
                     BY:  STEVEN R. DOLSON, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                   Office of General Counsel
                   J.F.K. Federal Building
                   Room 625
                   Boston, Massachusetts  02203
                     BY:  AMY C. BLAND, ESQ.

                 *Jodi L. Hibbard, RPR, CSR, CRR*
             *Official United States Court Reporter*
                 *100 South Clinton Street*
              *Syracuse, New York  13261-7367*
                   *(315) 234-8547*

1          (The Court and all counsel present by

2          telephone.)

3          THE COURT:  Let me begin by thanking you both for

4   excellent presentations, I've enjoyed working with you.

5          This case represents a challenge by the plaintiff

6   pursuant to 42 United States Code Section 405(g) to a finding

7   of the Commissioner of Social Security that plaintiff was not

8   disabled at the relevant times and therefore ineligible for

9   the Disability Insurance benefits that she sought.

10          The background is as follows:  Plaintiff was born

11  in February of 1956, she is currently 65 years of age, she

12  was 59 years old at the time of the alleged amended onset

13  date of January 24, 2015.  The plaintiff lives in Mohawk,

14  New York in a mobile home with a partner.  She is separated

15  from her husband.  She is 5 foot 4 inches to 5 foot 6 inches

16  in height, depending on the record reference.  She weighs

17  approximately 165 pounds.  Plaintiff has an 11th grade

18  education but no GED and no vocational training, license, or

19  certificates.  She attended regular classes while in school.

20  Plaintiff has a driver's license.  She testified that she

21  does not like to drive in inclement weather, which is quite

22  often in Syracuse, New York or Mohawk, New York.

23          Plaintiff stopped working in December of 2010.

24  Prior to that time, she worked primarily as a cook in various

25  settings, although her testimony and the record reflect that

1    she has also worked as an aide, a bartender, in various

2    factory positions, and a dairy farmer.

3              Plaintiff broke her right hip when she fell on the

4    floor getting out of bed on January 24, 2015.  She underwent

5    a right hip hemiarthroplasty in January 2015.  She also

6    suffers from COPD and lung disease as well as GERD, cervical

7    degenerative disk disease although she testified that that is

8    better and she has not had any cervical pain since 2015.  She

9    experiences degenerative joint disease of the left AC joint,

10   she has had right knee issues and underwent a repair of her

11   right knee in 2008 or 2009.  She also has experienced

12   diverticulosis, and she has experienced chronic alcohol abuse

13   and is a chronic smoker.  She testified that she smokes one

14   pack per day and has for 30 years.

15             Mentally plaintiff experiences depression and

16   anxiety.  She treats that primarily through medications

17   prescribed by her primary physician.  She has not undergone

18   any specialized inpatient or outpatient treatment for her

19   mental conditions.  Plaintiff's primary physician appears to

20   be Dr. Karishma Circelli of St. Elizabeth's Medical Group in

21   Utica, New York.

22             Plaintiff's activities of daily living include the

23   ability to dress, groom, bathe, cook, clean, fold laundry,

24   drive, she has experienced some socialization, and she

25   watches television.

1          Procedurally, plaintiff applied for Title II

2     benefits on September 12, 2016.  She is apparently receiving

3     Supplemental Security Income payments.  In that application

4     she alleged an onset date of December 31, 2010.  During the

5     hearing in this matter, plaintiff requested that the onset

6     date be amended to January 24, 2015.  That request was

7     granted although it does not appear to be reflected in the

8     administrative law judge's decision.

9          In support of her application, plaintiff claimed

10    disability based on COPD, a right knee impairment, pulmonary

11    nodules, depression, anxiety, acid reflux, and allergies.  A

12    hearing was conducted on November 28, 2018 by Administrative

13    Law Judge Melissa Hammock to address plaintiff's application.

14    On January 16, 2019, ALJ Hammock issued an unfavorable

15    decision which became a final determination of the agency on

16    April 9, 2020, when the Social Security Appeals Council

17    denied her application for review.  This action was commenced

18    on May 28, 2020, and is timely.

19         In her decision, which is highly unusual, ALJ

20    Hammock applied the familiar five-step sequential test for

21    determining disability.  She first noted that plaintiff was

22    last insured on September 30, 2015, making the relevant time

23    period January 24, 2015 to September 30, 2015.

24         At step one, the ALJ concluded that plaintiff had

25    not engaged in substantial gainful activity between

1   December 31, 2010, the original onset date, and September 30,

2   2015.

3          At step two, interestingly, the administrative law

4   judge identified conditions that plaintiff experiences

5   including COPD, sarcoidosis of the lungs, plantar and

6   posterior calcaneal spurs, minor hallux valgus deformity,

7   right hip fracture status post hemiarthroplasty, degenerative

8   joint disease of the left AC joint and the right knee,

9   degenerative disk disease of the cervical spine, GERD,

10   diverticulosis, alcohol dependence, depression, and anxiety.

11   She went on to conclude, however, that none of those

12   conditions imposed more than minimal limitations on

13   plaintiff's ability to perform basic work functions and

14   therefore none of them constituted severe impairments.

15          She went on, however, through the sequential

16   analysis making an alternative finding at step two,

17   concluding that plaintiff does suffer from a severe

18   impairment, that being right hip fracture and COPD.

19          At step three, ALJ Hammock concluded that

20   plaintiff's conditions do not meet or medically equal any of

21   the listed presumptively disabling conditions specifically --

22   set forth in the Commissioner's regulations, specifically

23   considering Listings 1.02 and 3.02.

24          She next concluded that plaintiff retains, despite

25   her limitations, the ability to perform light work as defined

1    in the regulations except that she can only occasionally

2    stoop, kneel, crouch, crawl, climb ramps, climb stairs, and

3    climb ladders, ropes, or scaffolds.  She also needs to avoid

4    concentrated exposure to temperature extremes, humidity, and

5    pulmonary irritants.

6         At step four, ALJ Hammock concluded that plaintiff

7    cannot perform her past relevant work as a cook because of

8    the exertional requirements associated with that position.

9         At step five, based on the testimony of a

10   vocational expert, the administrative law judge concluded

11   there are available positions in the national economy that

12   plaintiff is capable of performing notwithstanding her

13   limitations and identified two representative positions, as

14   lunch cook and short order cook, and therefore found that

15   plaintiff was not disabled at the relevant times.

16        As you know, the court's function in this case is

17   to determine whether proper legal principles were applied and

18   the result is supported by substantial evidence, defined as

19   such relevant evidence as a reasonable mind might accept as

20   adequate to support a conclusion.  It is an extremely

21   deferential standard.  Under the substantial evidence

22   standard, once an ALJ finds a fact, that fact can be rejected

23   only if a reasonable fact finder were to have to conclude

24   otherwise, as the Second Circuit noted in *Brault v. Social*

25   *Security Administration Commissioner*, 683 F.3d 443 from the

1    Second Circuit, June of 2012.

2            In support of her challenge to the determination,

3    plaintiff raises three arguments.  She challenges the step

4    two determination that she does not suffer from severe

5    impairments.  She argues that the residual functional

6    capacity finding in the alternative portion of the decision

7    is not supported since it is -- there are no medical opinions

8    that were relied on to formulate that RFC, and relatedly she

9    claims that there are gaps in the record and the ALJ failed

10    to fully develop the record.

11            The first argument, step two requires the court --

12    I'm sorry -- the ALJ to determine whether plaintiff suffers

13    from any impairments that provide more than minimal

14    limitations on her ability to perform basic work activities

15    which is defined as the abilities and aptitudes necessary to

16    do most jobs.  The test at step two quite honestly is de

17    minimus intended only to screen out the truly weakest of

18    cases.  *Dixon v. Shalala*, 54 F.3d 1019, Second Circuit 1995.

19    Of course the mere presence of a disease or impairment for

20    establishing when a person has been diagnosed or treated for

21    a disease or impairment is not by itself sufficient.  The key

22    is whether any such limitation, any such impairment imposes

23    more than minimal limitations on the ability to perform work

24    functions.  *Coleman v. Shalala*, 895 F.Supp. 50 at 53,

25    Southern District of New York 1995.

1          In this case, the focus appears to be on the right

2     hip status post surgery repair and COPD.  The alternative

3     step two finding of the administrative law judge found both

4     exertional and nonexertional limitations when it found light

5     work, among other things, so by definition, that is

6     inconsistent with the earlier step two finding.  The record

7     supports that plaintiff's hip condition does impose more than

8     minimal limitations on her ability to perform work functions.

9     There's indication that she has used assistive devices like a

10    cane and a walker, although as I indicated during the oral

11    argument, at page 402 Dr. Litchmore, the consultative

12    examiner, noted that plaintiff did not use any assistive

13    devices.  Nonetheless I do find error at step two.

14         The question then becomes whether that error is

15    harmless in light of the alternative findings of the

16    administrative law judge, who proceeded to step five.  That

17    requires a determination at the outset of whether the

18    alternative residual functional capacity finding is supported

19    by substantial evidence.  The residual functional capacity of

20    course being the most that a plaintiff is capable of

21    performing notwithstanding her, notwithstanding her

22    impairments.  Again, the relevant period appears to be the

23    January 24, 2015 to September 30, 2015.  As the Commissioner

24    argues, there is no requirement that the record contain a

25    medical opinion that tracks the RFC if there is sufficient

1    evidence in the record to permit the ALJ to make an RFC

2    determination.  *Tankisi v. Commissioner of Social Security*,

3    521 F.App'x 29 at 34, Second Circuit 2013.  Also *Cook v.*

4    *Commissioner of Social Security*, 818 F.App'x 108 from the

5    Second Circuit, 2020.  If a record shows a relatively modest

6    physical impairment and sufficient evidence from which an

7    administrative law judge can assess the effects of such an

8    impairment on the ability to perform work functions, then

9    there is no error.  *Thomas N. v. Commissioner of Social*

10   *Security*, 2020 WL 3286525 from the Northern District of

11   New York, June 18, 2020, and there are other similar cases

12   that support that proposition.

13        In this case there is a consultative examination

14   report from Dr. Litchmore.  The exam obviously, and resulting

15   report were -- occurred more than a year after the date of

16   last-insured status, that being November 29, 2016.  There

17   isn't any indication that this is a look-back opinion.  It

18   appears at 401 through 407, and so realistically is of little

19   value, although I think it does support the RFC generally.

20   *Susan M. v. Commissioner of Social Security*, 2019 WL 2754480

21   from the Northern District of New York, July of 2019.  In his

22   opinion, Dr. Litchmore concluded that plaintiff has marked

23   limitations on her ability to push, pull, lift, and carry

24   heavy objects.  One can argue that that is not necessarily

25   inconsistent with the ability to perform light work.

1   Focusing on the hip, plaintiff underwent surgery, corrective

2   surgery in January 2015.  She went through rehabilitation,

3   was discharged February 24th, 2015.  On March 3, 2015, there

4   was an indication she was doing well at home, using her

5   walker and was steady using her walker and she was only using

6   Tylenol as needed to control her pain, that's at 330 to 332.

7   In February, February 29, 2016, there was a physical exam

8   which was normal, and there was a reference to no localized

9   joint pain, that's at 325 to 329.

10          So I believe the evidence is supportive of the RFC

11   and provided a sufficient basis for the administrative law

12   judge to render an opinion concerning the effects of

13   plaintiff's hip on her ability to perform work functions

14   notwithstanding the lack of a medical opinion from the

15   relevant period.

16          Turning to the COPD, in March of 2015, the record

17   reflects no pulmonary symptoms, no dyspnea, hemoptysis or

18   wheezing, plaintiff was advised to restart Spiriva, that's at

19   page 332.  There doesn't appear to be any further treatment

20   prior to the date of last-insured status for her COPD.  In

21   February 2016, there was a normal lung exam, indication she's

22   using Spiriva.  She does not wake up at night with shortness

23   of breath, no dyspnea, no cough, 325 to 327.

24          As Commissioner argues, it is plaintiff's burden to

25   establish not only an impairment but limitations associated

1    with that impairment.  I find that that burden was not

2    carried.  Dr. Litchmore, it is true in November 2016

3    concluded that plaintiff must avoid any respiratory

4    irritants.  As I indicated previously, this was not during

5    the relevant period, and test results show moderate

6    reversible obstructive lung disease.  Early records from

7    2009, 2010 do not support the level of impairment suggested

8    and the need to avoid all irritants.  The records show

9    infrequent COPD complaints, the RFC does require the

10   avoidance of concentrated exposure to irritants which is

11   fully consistent with the fact that plaintiff is a chronic

12   smoker.  *Wheeler v. Commissioner of Social Security*, 2016 WL

13   958595 from March of 2016.

14          In terms of her third argument, duty to develop the

15   record, I did not find and plaintiff did not identify gaps as

16   there were no medical opinions from the relevant period, I'm

17   not sure how we would fill that gap in any event at this late

18   date.  But I find no error.  The administrative law judge did

19   have the sufficient amount of evidence to permit her to

20   determine plaintiff's RFC.

21          So in summary, I do find an error at step two but I

22   find that it is harmless in light of the alternative findings

23   which are supported by substantial evidence.  I will

24   therefore grant judgment on the pleadings to the defendant

25   and order dismissal of plaintiff's complaint.

1              Let me add I hope you both have a wonderful and

2     safe Thanksgiving holiday.

3              MR. DOLSON:  Thank you, you too, Judge.

4              MS. BLAND:  Thank you, your Honor.  You too.

5                  (Proceedings Adjourned, 10:34 a.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    CERTIFICATE OF OFFICIAL REPORTER

2

3

4           I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

5    Official Realtime Court Reporter, in and for the

6    United States District Court for the Northern

7    District of New York, DO HEREBY CERTIFY that

8    pursuant to Section 753, Title 28, United States

9    Code, that the foregoing is a true and correct

10   transcript of the stenographically reported

11   proceedings held in the above-entitled matter and

12   that the transcript page format is in conformance

13   with the regulations of the Judicial Conference of

14   the United States.

15

16                       Dated this 18th day of November, 2021.

17

18

19                       /S/ JODI L. HIBBARD
                         _____

20                       JODI L. HIBBARD, RPR, CRR, CSR
                         Official U.S. Court Reporter

21

22

23

24

25

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547